**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TYRONE COLLINS,
ADC #111854                                                                                          PLAINTIFF

5:13CV00060-SWW-JTK

RAY HOBBS, et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 47). Plaintiff filed Responses in opposition to the Motion (Doc. Nos. 55-57).

Plaintiff Tyrone Collins is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. (RLUIPA), alleging a denial of his right to freely exercise his religious beliefs. Plaintiff asks for injunctive relief.

### II. Complaint

In his Amended Complaint, Defendants have denied his right to wear a beard in accordance with his Islamic beliefs. (Doc. No. 11, p. 7.) He also complains that Defendants do not provide a Halal diet for him, and do not permit him to wear his "Kufi" Islamic headwear at all times in the ADC. (Id., pp. 7-8.)

**III.     Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    A.     **Exhaustion**

        1.     **Defendants' Motion**

Defendants first ask the Court to dismiss Plaintiff's Complaint against them, for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  According to Barbara Williams, the Inmate Grievance Supervisor, the grievance policy in effect during the time at issue was Administrative Directive (AD) 12-16, which requires inmates to fully exhaust their administrative remedies prior to filing a lawsuit about the issue or issues. (Doc. No. 49-8, pp. 1-3.) Plaintiff filed one grievance about the beard issue, VSM 13-00639,

on February 5, 2013, and this grievance was exhausted on May 1, 2013. (Id., pp. 3, 52-54.) He also filed grievances about the Halal meals and the Muslim headwear, on March 5, 2013, and March 7, 2013. (VSM 13-00933 and VSM 13-1059; Doc. Nos. 34-49.) These grievances were exhausted on July 10, 2013, and August 26, 2013. (Id., pp. 36, 39.)

According to Defendants, none of these grievances were exhausted prior to the filing of the Complaint, on February 25, 2013, and therefore, Plaintiff failed to properly exhaust his administrative remedies prior to the filing of the lawsuit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003.) Defendants also state that Defendants James Banks and Wendy Kelley should be dismissed because Plaintiff failed to identify either of them by their name or position in the grievances he filed, in violation of AD 12-16.

### 2. Plaintiff's Response

Plaintiff responds by stating that he did exhaust his administrative remedies, and refers the Court to copies of the grievances he submitted. (Doc. Nos. 13, 30, 31.)

### 3. Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731,

4

741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in <u>Chelette v. Harris</u>, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000). In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d at 627 (emphasis in original). Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The ADC grievance policy in effect during the time at issue, AD 12-16, clearly sets forth the steps inmates should follow when filing and exhausting their administrative remedies. (Doc. No. 49, pp. 4-33.) In addition, it specifically provides as follows: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately." AD 12-16.IV.N. (Doc. Nos. 49-8, p. 22.)

Therefore, although there is no dispute that Plaintiff filed and exhausted grievances relating to the matters at issue in his complaint, there also is no dispute that he did not exhaust his administrative remedies **prior to** filing this lawsuit. He filed this lawsuit on February 25, 2013 (Doc. No. 2). The first grievance, VSM 13-00639, was filed prior to that, on February 5, 2013, but

was not exhausted until May 1, 2013. (Doc. No. 49-8, pp. 52-54.)  In addition, the other two grievances, dealing with the Halal meal and Kufi headwear issues, were not filed until March 5, 2013, and March 7, 2013, which occurred after this lawsuit was filed. (Id., pp. 34-49.)  Therefore, Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit, as required by the PLRA, 42 U.S.C. § 1997e, the ADC grievance policy, Jones v. Bock, 549 U.S. at 218, and Johnson v. Jones, 340 F.3d at 627.

### B. Other issues

In light of the Court's decision to grant Defendants' Motion based on Plaintiff's failure to exhaust, the Court will not discuss Defendants' remaining arguments in support of their Motion. See Johnson v. Jones, where the Court stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed.  340 F.3d at 627. See also Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc).

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 47) be GRANTED, and Plaintiff's complaint against Defendants be DISMISSED without prejudice, for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 25th day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE